# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 27 2018



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  HELLER EHRMAN LLP,

Debtor,

------------------------------

 HELLER EHRMAN LLP, Liquidating
Debtor,

Plaintiff-Appellant,

v.

DAVIS WRIGHT TREMAINE LLP,

Defendant-Appellee.

No.   14-16314

D.C. No. 3:14-cv-01236-CRB

MEMORANDUM[*]

In re:  HELLER EHRMAN LLP,

Debtor,

------------------------------

HELLER EHRMAN LLP, Liquidating
Debtor,

Plaintiff-Appellant,

No.   14-16315

D.C. No. 3:14-cv-01237-CRB

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

v.

JONES DAY,

           Defendant -Appellee.

---

| | |
|---|---|
| In re: HELLER EHRMAN LLP, | No. 14-16317 |
| Debtor, | D.C. No. 3:14-cv-01238-CRB |

HELLER EHRMAN LLP, Liquidating Debtor,

           Plaintiff-Appellant,

v.

FOLEY & LARDNER LLP,

           Defendant-Appellee.

---

| | |
|---|---|
| In re: HELLER EHRMAN LLP, | No. 14-16318 |
| Debtor, | D.C. No. 3:14-cv-01239-CRB |

------------------------------

HELLER EHRMAN LLP, Liquidating Debtor,

           Plaintiff-Appellant,

v.

2

ORRICK HERRINGTON & SUTCLIFFE LLP,

        Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted June 13, 2016
Submission Vacated July 27, 2016
Resubmitted March 23, 2018
San Francisco, California

Before:  CLIFTON and IKUTA, Circuit Judges, and LAMBERTH,[**] District Judge.

Before filing a petition for bankruptcy, Heller Ehrman LLP waived any rights or claims it may have had to seek payment of legal fees generated from non-contingency fee matters by former Heller shareholders after the date they departed from the firm (referred to as a *Jewel* waiver, after the case of *Jewel v. Boxer*, 156 Cal. App. 3d 171 (1984)).  Heller, through its trustee in bankruptcy, subsequently argued that its *Jewel* waiver constituted a fraudulent transfer of its rights to such legal fees.  The district court rejected this claim, and Heller appealed.  Because the California law in this area was unsettled, we certified a question respecting this

---

[**]    The Honorable Royce C. Lamberth, Senior United States District Judge for the District of Columbia, sitting by designation.

issue to the California Supreme Court, *see In re Heller Ehrman LLP*, 830 F.3d 964, 966 (9th Cir. 2016), which subsequently responded, *see Heller Ehrman LLP v. Davis Wright Tremaine LLP*, No. S236208, 2018 WL 1146649 (Cal. Mar. 5, 2018). We have jurisdiction under 28 U.S.C. § 1291.

Applying the California Supreme Court's ruling to the facts of this case, the district court did not err in granting summary judgment to the defendants because Heller Ehrman, as a dissolved law firm, "has no property interest in the fees or profits associated with unfinished hourly fee matters." *Heller Ehrman LLP*, 2018 WL 1146649, at \*6. Accordingly, the *Jewel* waiver did not constitute a transfer of Heller's property interests to such fees or profits. *See id.* Because the trustee can avoid a transfer only if "the debtor had an interest in property," *BFP v. Resolution Tr. Corp.*, 511 U.S. 531, 535 (1994), the waiver was not a fraudulent transfer under 11 U.S.C. § 548(a)(1).

**AFFIRMED**.